CITY OF NEW ORLEANS et al. v. PENN BRIDGE CO.

(Circuit Court of Appeals, Fifth Circuit. April 30, 1917.)

No. 2913.

MUNICIPAL CORPORATIONS ☞1025—ACTIONS—LIMITATIONS.

> Rev. St. La. 1870, § 2822, providing that actions for the enforcement of any contract with the city of New Orleans for work and labor and for damages for any breach thereof shall be prescribed in one year, does not embrace a contract for the construction of a bridge, but is limited to what are commonly called labor claims.
>
> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 2196.]

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by the Penn Bridge Company against the City of New Orleans and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Percy S. Benedict, Isaiah D. Moore, and John F. C. Waldo, all of New Orleans, La. (McCloskey & Benedict, of New Orleans, La., on the brief), for plaintiffs in error.

R. E. Milling, Irving R. Saal, William Grant, and Wm. B. Grant, all ·of New Orleans, La. (Robert C. Milling, of New Orleans, La., on the brief), for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. This is the second writ of error in this case. See Penn Bridge Co. v. City of New Orleans, 222 Fed. 737, 138 C. C. A. 191.

In the trial which resulted in the judgment presented for review the city of New Orleans, one of the plaintiffs in error, which was a defendant below, set up the defense that the suit against it was barred or prescribed by a Louisiana statute of 1870, which reads as follows:

"All actions for the enforcement of any contract entered into with the corporation of the city of New Orleans for work and labor to be performed, and for the recovery of any damages alleged to have arisen in favor of the contractors for any breach thereof on the part of the said corporation, shall be prescribed if not instituted within one year after the expiration of the time within which such contract is required to be performed, or such damages are alleged to have arisen." Louisiana Revised Statutes of 1870, § 2822.

Questions are raised as to the right of the defendant in the last trial to make the mentioned defense of prescription, as to the constitutional validity of the statute relied on, and as to its still being in existence, it being contended that it has been repealed. It may be assumed that the statute was a valid enactment, that it has not been repealed, and that the city of New Orleans would have been entitled in the last trial to make a defense based upon it, if the cause of action sued on had been one to which the statute applied. Our conclusion is that the statute is inapplicable to such a suit as the instant one. By its terms it applies only to actions based on contracts entered into with the city of New Orleans for "work and labor to be performed." It does not embrace a contract such as the one sued on in this case, by which the contractor bound itself for something more than work and labor to be performed, its undertaking being to do and furnish everything required in the construction of a bridge according to plans and specifications. Plainly the sole object of the statute was to afford the municipality the means of protecting itself against possible injustice often resulting from undue delay in the assertion of what are commonly called labor claims. The claim asserted in this suit does not belong to that category, and is not subject to the prescription pleaded.

A careful examination of the record has led us to the conclusion that there was no error prejudicial to the plaintiffs in error, or either of them, in any ruling of which complaint is made.

The judgment is affirmed.